**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1960
_____

JEFFREY DUNBAR REIFF,

Appellant

v.

CHAD T. MARKS, in his individual capacity and in his official capacity as a police
officer; BOROUGH OF WEST READING; EDWARD FABRIZIANI, in his individual
capacity and in his official capacity as chief of police;
WEST READING BOROUGH POLICE DEPARTMENT

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 5-08-cv-05963)
District Judge: Honorable Cynthia M. Rufe

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 15, 2013
_____

Before: SMITH, CHAGARES, and BARRY, <u>Circuit Judges</u>.

(Filed: January 22, 2013)
_____

OPINION
_____

CHAGARES, <u>Circuit Judge</u>.

In December 2008, Jeffrey Reiff filed a complaint under 42 U.S.C. § 1983 against

the Borough of West Reading (the "Borough"), the West Reading Borough Police

Department, Borough police officer Chad Marks, and Borough police chief Edward Fabriziani based on Marks's use of a TASER on Reiff during an arrest. The District Court dismissed several claims and granted partial summary judgment against Reiff, eliminating all defendants except for Marks. In March 2012, a jury returned a verdict in favor of Marks on all remaining claims, and the District Court entered judgment in his favor. Reiff now appeals, challenging the District Court's summary judgment order in favor of the Borough and several of its trial rulings. We will affirm the order and judgment of the District Court.

I.

We write solely for the parties and will therefore recount only those facts that are essential to our disposition. On January 5, 2007, Reiff was driving an automobile in West Reading, Pennsylvania. Officer Marks observed that Reiff's vehicle was illegally stopped in an intersection. Marks turned on his emergency lights and sirens in order to make a traffic stop. Reiff did not immediately pull his car over, but proceeded several blocks and made four turns before stopping his car in a parking lot. After stopping, Reiff exited his car and began to approach Marks's patrol car. Marks initially drew his service weapon, but then holstered it and instead drew a TASER. Reiff allegedly told Marks to "fuck off," began to walk away from Marks, and ignored Marks's commands to stop and get on the ground. Marks approached Reiff and discharged his TASER, causing Reiff to fall to the ground. According to Marks, Reiff continued to refuse to cooperate; because of his concern that he could not safely handcuff Reiff without the

2

assistance of another officer, Marks discharged the TASER three more times.  Soon, another officer arrived at the scene and handcuffed Reiff.

In his complaint, Reiff alleged that he was injured due to Marks's use of the TASER and asserted that the TASER discharges were unnecessary and excessive.  Reiff also claimed that the police department failed to train Marks properly on use of the TASER.   In July of 2009, the District Court dismissed the West Reading Borough Police Department from the case and dismissed several claims against other defendants.  Later, the District Court granted summary judgment in favor of the Borough and Fabriziani, but partially denied Marks's summary judgment motion because there were disputes of fact as to the reasonableness of his TASER use.  After a trial, a jury found that Marks did not intentionally use excessive force against Reiff in violation of the Constitution.  Reiff now argues, inter alia, that the District Court erred in granting summary judgment in favor of the Borough, allowing an improper remark during Marks's closing statement, and refusing to give the jury an adverse inference charge.

## II.[1]

### A.

Reiff's complaint alleged that the Borough was liable under 42 U.S.C. § 1983 for failure to train Marks to properly use the TASER.  Specifically, Reiff claimed that the police department lacked proper supervision and that its policy failed to instruct officers that if they decided use of the TASER was necessary, they should discharge it as few

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

3

times as possible. The District Court granted summary judgment in favor of the Borough, concluding that there was "no evidence that the Borough showed a deliberate indifference to the constitutional rights of its citizens." Appendix ("App.") 28a. Reiff points to trial testimony and his own list of alleged facts about the police department's training program to support his conclusion that the District Court erred and that the police department's "loosey-goosey policy resulted in the Taser being used as a party game." Reiff Br. 22.

We need not review the merits of the District Court's grant of summary judgment in favor of the Borough because a municipality may not be held liable on a failure to train theory when a jury has found that the plaintiff has suffered no constitutional violation. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (explaining that no Supreme Court "cases authorize[] the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm"). This Court has embraced the Supreme Court holding in Heller on several occasions. See, e.g., Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006); Grazier ex rel. White v. City of Philadelphia, 328 F.3d 120, 124 (3d Cir. 2003) ("The District Court correctly determined that any error in granting judgment for the City at the close of the plaintiffs' case would have been rendered harmless by the jury's verdict of no liability against [defendant police officers].").[2]

---

[2] It is true that Heller may have left the door open for claims against a municipality despite a jury verdict in favor of the defendant officer if the jury found in the officer's favor based on a good faith defense. 475 U.S. at 798. Yet, as in Heller, the District Court here did not instruct the jury on a good faith or qualified immunity defense; the

4

Reiff's briefs do not address <u>Heller</u> or any subsequent case law concerning the impossibility of holding the Borough liable if the jury verdict in Marks's favor is upheld. Because we will uphold the jury verdict, we will affirm the District Court's grant of summary judgment in favor of the Borough.

B.

Reiff also argues that the District Court erred by overruling his objection to a comment made during closing arguments. In summarizing the events leading to Reiff's arrest, Marks's counsel stated: "Folks, it's not a traffic ticket, it's fleeing and evading, and then resisting arrest." App. 1086a. Reiff objected, arguing that "[t]here's nothing about resisting in this case," but the District Court overruled the objection, saying only, "[t]his is argument." <u>Id.</u> Reiff now asks for a new trial based on the District Court's decision. He cites no law in support of his request, but asserts that "the jury was affirmatively misled by defense counsel into believing that the act of walking away constituted resisting arrest giving the Defendant the right to taser the Plaintiff and shoot him in the back." Reiff Br. 31.

We review the District Court's decision for abuse of discretion, and will grant a new trial only where an attorney's allegedly improper statements or conduct make it reasonably probable that the verdict was influenced by the resulting prejudice. <u>Forrest v. Beloit Corp.</u>, 424 F.3d 344, 351 (3d Cir. 2005). "Because the trial judge was present

jury answered "no" to its second interrogatory, which asked: "[D]id Defendant Officer Chad Marks intentionally commit an act under color of state law that violated Plaintiff Jeffrey Reiff's Fourth Amendment right not to be subject to excessive force?" App. 1145a.

and able to judge the impact of counsel's remarks, we defer to [her] assessment of the prejudicial impact." Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 207 (3d Cir. 1992).

There was no abuse of discretion here. The District Court made clear that defense counsel was simply making an argument, and the court gave no indication that counsel's characterization was correct or should be relied upon by the jury. See App. 1101 (District Court explaining to jury that attorney arguments are not evidence). Further, given the minor and isolated nature of the comment and the fact that the jury was well aware of both parties' versions of what occurred prior to Marks's use of the TASER, the District Court was well within its discretion to conclude that use of the term did not generate prejudice that could influence the verdict. Accordingly, we will not grant a new trial because of defense counsel's use of the term "resisting arrest" in closing arguments.

## C.

Reiff also urges us to order a new trial because the District Court refused to give an adverse inference charge to the jury about data that was lost when the police department sent the TASER in for repairs.

Reiff's arrest took place on January 5, 2007, but he did not file this lawsuit until almost two years after that. During the litigation, Reiff discovered that the police department sent the TASER used in the arrest for repairs in August of 2007, and that the data stored in the TASER had been erased while it was being repaired. Thus, as Reiff argued to the District Court, he was unable to verify the amount of voltage officer Marks

6

used or the number and duration of discharges. Reiff asked the District Court if he could cross-examine Marks about the loss of the data,[3] and also requested that the court give the jury an adverse inference charge because of the department's failure to preserve the data. After a somewhat lengthy discussion concerning the TASER manual and the timing of the lawsuit, the District Court denied Reiff's requests.

"When the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995) (affirming district court's decision not to draw adverse inference because it was not clearly erroneous to find that destruction of evidence was unrelated to lawsuit). However, to apply the inference, "it must appear that there has been an actual suppression or withholding of the evidence." Id. Here, the District Court acted within its discretion to deny Reiff's request. Reiff failed to demonstrate that the police department had any duty to preserve the evidence for more than seven months when no litigation was pending. He also failed to demonstrate that by sending the TASER for repairs seven months after the arrest, the department was purposely destroying data. We therefore hold

---

[3] Though one of the section headings in Reiff's brief indicates that he also wishes to challenge the District Court's decision to disallow cross-examination, he makes no argument to that effect. In any event, given the fact that Reiff could not show the department had any duty to preserve the TASER data, we conclude that it was not an abuse of discretion to determine that such a cross-examination would cause prejudice or lack sufficient relevance. See Douglas v. Owens, 50 F.3d 1226, 1230 (3d Cir. 1995) (discussing standard of review and emphasizing district court's wide latitude in limiting scope of cross-examination).

7

that it was proper for the District Court to conclude that the loss of data did not "indicate[] fraud and a desire to suppress the truth." Id. Accordingly, we will uphold the District Court's decision to refuse Reiff's request to provide the jury with an adverse inference instruction.[4]

## III.

For the foregoing reasons, we will affirm the order and judgment of the District Court.

---

[4] We can discern at least one additional argument in Reiff's brief, though the relief he seeks is unclear. One section of the brief raises the "important policy question" of whether "if municipal police officers cannot arrest an offender for a traffic offense, can they taser the offender." Reiff Br. 24. Based on his conclusion that the arrest was improper, Reiff argues that after he parked the car and began to walk away, Marks should have simply taken the car's registration number and mailed a citation to the owner of the car. Id. 27. None of the arguments contained in this section of Reiff's brief persuade us to alter the District Court's judgment.